DAVID C. BENDER
(*pro hac vice* granted)
HEMA LOCHAN
(*pro hac vice* granted)
EARTHJUSTICE
48 Wall St., 15th Floor
New York, NY 10043
dbender@earthjustice.org
hlochan@earthjustice.org
Tel: 347-282-6493
Fax: 202-667-2356
*Attorneys for Plaintiffs*

*(Additional Counsel listed below)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOLAR UNITED NEIGHBORS, VOTE SOLAR, KAREN SCHEDLER, AND JEREMY HELMS, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CV-24-2021-PHX-DJH ) )  **JOINT CASE MANAGEMENT** |
| SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT, | ) **REPORT** ) ) ) |
| Defendant. | |

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's order, the parties submit the following the Joint Case Management Report:

1.     **List of Parties in the Case.**  The plaintiffs are Solar United Neighbors, Vote Solar, Karen Schedler, and Jeremy Helms and the defendant is Salt River Project Agricultural Improvement and Power District ("SRP").

2.     **Short Statement of the Nature of the Case.**

**<u>PLAINTIFFS' POSITION:</u>**

Plaintiffs Schedler and Helms are residential electricity customers of SRP who own small solar generating facilities and constitute "qualifying facilities" or "QFs" under the Regulatory Policies Act of 1978 ("PURPA"). 16 U.S.C. § 824a-3; 18 C.F.R. § 292.203(a), (d), 292.204(a), (b). SRP is a nonregulated electric utility that must implement rules promulgated by the Federal Energy Regulatory Commission ("FERC") under PURPA. 16 U.S.C. § 824a-3(a), (f). SRP makes four tariffs available to QFs who are residential customers with solar panels and precludes solar customers from taking service under the tariffs available to residential customers without solar panels. Two of the tariffs for solar customers include a demand charge based on the customer's highest short-term use of electricity in a month and a fixed charge of either $32.44 or $45.44 per month. The other two tariffs also impose a fixed charge of $32.44 or $45.44 per month and buy electricity produced from the QF at 2.81 cents per kilowatt hour (kWh).

Plaintiffs allege that SRP failed to implement FERC's rules requiring SRP to: (a) purchase electricity from QFs at "avoided cost" prices; and (b) sell electricity to QFs at non-discriminatory prices. 18 C.F.R. §§ 292.303, .304, .305. First, by making customers with solar choose between a tariff that discriminates by imposing a demand charge that is not imposed on residential customers without solar or a tariff that purchases electricity generated by the customers at less than SRP's "avoided cost." 18 C.F.R. §§ 292.101(6), 292.304(a) and (b). Second, by imposing a discriminatory $32.44 or $45.44 per month fixed charge on solar customer QFs compared to a $20 per month charge for residential customers without solar panels. Third, by prohibiting solar customers from taking service under advantageous tariffs made available to all residential customers without solar panels. Pursuant to FERC's rules, a different rate imposed on QFs, including residential customers with solar panels, unlawfully discriminates unless SRP can show that the charge is (1) "based on accurate data; (2) based on "consistent systemwide costing principles"; and (3) "appl[ies] to the utility's other customers with similar load or other cost-related characteristics." 18 C.F.R. § 292.305(a)(2). Plaintiffs contend that SRP cannot make those showings.

**SRP'S POSITION:**

SRP is a political subdivision of Arizona providing electricity to more than a million customers.  Under Arizona law, SRP is governed by an elected board of directors to which

3

the legislature has delegated ratemaking authority.  A.R.S. §48-2334.  The board exercises that authority through statutory ratemaking proceedings open to the public—including notice of proposed rate changes, access to data relied upon by the board, open meetings, and opportunities for interested persons to present oral and written comments.  *Id.*

The challenged rates were adopted in the board's 2019-2020 ratemaking proceeding.  They are for residential customers who self-generate some of their electricity through rooftop solar panels.  Because solar customers use the grid differently, with different system-wide cost consequences, than non-solar customers, they are "readily distinguish[able]" for ratemaking purposes.  *Ellis v. Salt River Project Agric. Improvement & Power Dist.*, 2022 WL 3552392, at *3 (D. Ariz. Aug. 18, 2022).  The challenged rates ensure that solar customers pay their fair share of SRP's costs so that SRP does not have to shift those costs to non-solar customers (as would occur on SRP's non-solar rates).

The Complaint (or, as expected, Amended Complaint) should be dismissed on multiple grounds.  First, this Court lacks jurisdiction over plaintiffs' challenge to the board's 2019-2020 ratemaking; such challenges must be brought in state court.  *See* 16 U.S.C. §824a-3(g)(1).  Second, plaintiffs fail to state a viable claim under PURPA that SRP's rates are discriminatory or that SRP does not purchase solar customers' excess electricity at a rate equal to its avoided costs.  Third, the remedies plaintiffs seek— disgorgement, attorneys' fees, and an injunction making all residential rates open to solar

customers—are unavailable under PURPA. Fourth, the organizational plaintiffs lack a cause of action under PURPA and otherwise lack standing to sue.  In any event, the Court should exercise its discretion to stay the case pending completion of SRP's upcoming ratemaking proceeding, which will begin later this year and may moot this case altogether (or at least require repleading in response to any new rates).

3.    **Jurisdictional Basis for the Case.**

**PLAINTIFFS' POSITION:**

Plaintiffs have a statutory cause of action to enforce that obligation pursuant to 16 U.S.C. § 824a-3(h)(2)(B) through "such injunctive or other relief as may be appropriate." Plaintiffs satisfied the requirement in that statute to petition the FERC prior to bringing this action in District Court.

**SRP'S POSITION:**

This Court does not have jurisdiction over Plaintiffs' claims, which challenge the 2019-2020 price proceeding.  PURPA provides for exclusive state jurisdiction for challenges "respecting any proceedings" conducted for purposes of implementing PURPA, 16 U.S.C. §824a-3(g)(1), and plaintiffs have not alleged a viable claim that could be heard in federal court under 16 U.S.C. §824a-3(h)(2).

4.    **Parties Which Have Not Been Served.** All parties have been served.

**5.** **Amendment of Pleadings.** Plaintiffs intend to file an amended complaint by October 11, 2024.

**6.** **List of Contemplated Motions in a Statement of the Issues to be Decided by These Motions.**

**PLAINTIFFS' POSITION:**

Plaintiffs plan to file a Motion for Summary Judgment regarding Defendant's liability and any affirmative defenses Defendants may raise. Plaintiffs also reserve the right to file motions in *limine*, and/or motions pursuant to FRE 702 (*Daubert*).

**SRP'S POSITION:**

SRP reserves the right to file a motion to dismiss under Rule 12 after review of the Plaintiffs' First Amended Complaint. If this Court determines it has jurisdiction and that plaintiffs' claims are permitted to proceed, SRP anticipates filing a motion for summary judgment and any necessary motions in *limine*. In the event discovery dispute arise, SRP reserves the right to move for appropriate relief.

**7.** **Consent to a Magistrate Judge.** The parties do not consent to the assignment of this action to a Magistrate Judge.

**8.** **Status of Related Cases.** The parties are not aware of any related cases.

**9.** **Exchange of Rule 26(a) Initial Disclosures.** The parties agree to provide initial disclosures by October 21, 2024.

**10.     Issues Related to Disclosure or Discovery of ESI.**  The parties are currently unaware of any issues relating to the disclosure or discovery of electronically stored information. Plaintiff anticipates seeking economic dispatch modeling, customer load data, and cost of service analyses that are kept in electronic format by Defendant.  In the event such discovery proceeds, the parties will work in good faith to propose an appropriate protective order to cover the use of confidential information in this case.

**11.     Issues Relating to Privilege.**  The parties are currently unaware of any issues relating to privilege.

**12.     Necessary Discovery.**

     **a. Nature, Extent, and Location of Discovery Anticipated by the Parties.**

     <u>PLAINTIFFS POSITION:</u>

     Plaintiffs anticipate serving written discovery, including Requests of Admission, Requests for Production, and Interrogatories in the near term. Plaintiffs also anticipate taking depositions of Defendant and its agent. Plaintiffs contend that due to the nature of the claims in this case, all discoverable information is in Defendant's possession.

     <u>SRP'S POSITION:</u>

     SRP submits that discovery should be stayed pending resolution of SRP's motion to dismiss plaintiffs' (forthcoming) amended complaint. The anticipated motion will present legal grounds regarding this Court's lack of jurisdiction and plaintiffs' failure to state a viable claim under PURPA, which would, if granted, fully dispose of the case. "Staying discovery pending resolution of a motion to dismiss is permissible when the

motion raises only legal issues." *Winters v. Loan Depot LLC*, 2021 WL 2581332, at *2 (D. Ariz. June 23, 2021) (internal citation omitted).  A stay pending resolution of SRP's forthcoming motion would serve the interest of judicial economy and protect the parties from having to waste discovery resources.  This is especially true where, as here, the motion is "potentially dispositive of the *entire* case, and … the motion is not dependent on additional discovery." *Id.*  A stay is also warranted because SRP's upcoming ratemaking process may either moot the case entirely or at least require substantial repleading to address any changes to SRP's rates, which would supersede or supplement the rates presently at issue.  It would be inefficient for the parties to exchange discovery during the pendency of the motion to dismiss when the relevant facts may change before the motion is decided.  Moreover, plaintiffs will not be prejudiced by any stay of discovery, as the materials comprising the record of the 2019-2020 ratemaking proceeding are publicly available at        https://www.srpnet.com/price-plans/electric-pricing-public- process/documents-materials.[1]

In the event that discovery proceeds while the motion to dismiss is pending (or if the motion is denied), SRP anticipates seeking appropriate discovery of plaintiffs.

---

[1]     SRP is prepared to formalize this request via a motion to stay discovery, if necessary.

**b. The Scope of Discovery or whether discovery should be conducted in Phases.**

**PLAINTIFFS' POSITION:**

Plaintiffs do not request that discovery be conducted in Phases. Plaintiffs plan to seek the following information through discovery:

- The basis for and all underlying load and cost data, if any, supporting the tariffs available to residential QF customers, and the decision not to make available tariffs that are available to non-QF residential customers, with spreadsheets and formulas intact.

- The loads, usage and cost of service for residential QF customers residential non-QF customers, with spreadsheets and formulas intact.

- The calculations of, basis for, and process resulting in the tariffs E-13, E-14, E-15 and E-27 including communications between Defendant and any consultants.

- The cost of Defendants sources of electricity supply related to its avoided costs.

**SRP'S POSITION:**

As noted, SRP submits that discovery should be stayed altogether pending a ruling on whether this Court has jurisdiction and whether plaintiffs have stated a viable claim.

In the event that discovery proceeds, SRP may object to plaintiffs' discovery on appropriate grounds (e.g., relevance, undue burden); it would, of course work with plaintiffs in good faith to resolve any discovery disputes so as to avoid either party seeking this Court's assistance unnecessarily.

**c. Discovery Limitations.** The parties do not propose any changes to the limits on discovery provided in the Federal Rules of Civil Procedure, except for the Plaintiffs' request for hours permitted for each deposition listed below.

**d. Hours Permitted for Each Deposition.**

**PLAINTIFFS POSITION:**

Plaintiffs anticipate that the deposition of Defendant pursuant to Fed. R. Civ. P. 30(b)(6) and any consultants engaged to develop tariffs E-13, E-14, E-15 and E-27 may exceed the default limit of 7 hours during one day and will seek a stipulation or leave from the Court to conduct those deposition over multiple days for no more than 7 hours per day.

**SRP'S POSITION:**

The rules under the Federal Rules of Civil Procedure should govern.

**13.    Proposed Specific Dates.**

a. Deadline for Fact Discovery.  Parties will conduct Fact Discovery by October 31, 2025. Parties will conduct Expert Depositions by October 1, 2025.

b. Expert Disclosures. Plaintiffs and Defendant will exchange expert reports by June 15, 2025. Plaintiffs and Defendant will exchange expert rebuttal reports by July 15, 2025.

c. Dispositive Motion Deadline. Parties will file Dispositive Motions by November 15, 2025.

**14.    Whether a Jury Trial has Been Requested.**  The parties do not plan on requesting a jury trial.

**15.     Estimated Length of Trial.** The parties estimate trial will require 4-7 days.

**16.    Prospects for Settlement.** The possibility of settlement in this case is considered and cannot be evaluated at this stage, prior to any preliminary dispositive motions and discovery.  The parties request a settlement conference in March 2025.


*Attorneys for Plaintiffs*

EARTHJUSTICE

*/s/ David C. Bender*
DAVID C. BENDER (admitted *pro hac vice*)
dbender@earthjustice.org
Tel: 202-667-4500 ext. 5228/Fax: 202-667-2356

HEMA LOCHAN (admitted *pro hac vice*)
hlochan@earthjustice.org
Tel: 347-282-6493
Fax: 202-667-2356

*Attorneys for Defendant*

/s/ *Christopher E. Babbitt*
Christopher E. Babbitt (*pro hac vice*)
Daniel S. Volchok (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2100 Pennsylvania Avenue N.W.
Washington D.C. 20037
(202) 663-6000
christopher.babbitt@wilmerhale.com
daniel.volchok@wilmerhale.com

Matthew E. Price (*pro hac vice*)
Suedeen G. Kelly(*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, N.W., Suite 900
Washington, DC 20001
(202) 639-6000
mprice@jenner.com
skelly@jenner.com